UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                          )      Chapter 11
                                )      Case No. 08 B 24106
Folgers Architects Limited,     )
                                )
            Debtor.             )      Hearing Date: October 2, 2008
                                )      Hearing Time: 9:30 AM

FINAL AGREED ORDER AUTHORIZING USE OF
CASH COLLATERAL

THIS CAUSE COMING TO BE HEARD UPON the Motion of Folgers Architects
Limited, debtor and debtor in possession ("Debtor") to authorize the use of the cash
collateral (the "Motion"), due and proper notice having been given and the Court being
fully advised in the premises;

The Court Hereby Finds As Follows:

A.      This proceeding was commenced on September 11, 2008, by the filing of a
voluntary petition pursuant to the provisions of Chapter 11 of the Bankruptcy Code.

B.      The Debtor is currently operating its business as a debtor-in-possession in
accordance with Sections 1107 and 1108 of the Bankruptcy Code.

C.      The Debtor is continuing to collect its accounts receivable and other income
and perform services for clients.

E.      Prior to the filing of the Petition ("Pre-petition"):

        (i)      Amalgamated Bank Of Chicago ("Amalgamated"), made loans to or
for the benefit of, the Debtor  ("Pre-petition Loans"), which Amalgamated Pre-petition
Loans and the security interests and liens securing repayment thereof are evidenced by

various agreements, instruments and documents, all as may have been amended modified and/or restated from time to time.  The Amalgamated Pre-petition Loans were made pursuant to that certain Loan and Security Agreement dated as of November 7, 2005 between Debtor and Amalgamated, as amended (collectively, as amended and as otherwise previously modified and/or restated from time to time, the "Amalgamated Pre-petition Loan Documents").  As of the Petition Date, the Amalgamated Pre-petition Loans are secured by valid, duly perfected and enforceable first priority liens upon and security interests in all of the following:  Accounts Receivable, Inventory, Contract Rights, General Intangibles with products (collectively, the "Amalgamated Pre-petition Collateral").

(ii)    On or about September 4, 2008, the Internal Revenue Service ("IRS") served a Notice of Levy on Debtor's Amalgamated Bank Checking Account and also served Notices of Levy (collectively "Levies") on numerous clients attempting to collect a total of $9,198.05 ($46.00 in unpaid assessment and $9,152.05 in statutory additions) in 941 taxes for the tax year 1998.

F.    The Debtor is, as of the date of filing, indebted to the Amalgamated in the approximate sum of  $50,000.00,  by virtue of outstanding loans made to Debtor (the "Indebtedness").  Such Indebtedness is secured by a valid, perfected, existing blanket security interest in the assets of Debtor.

G.    Debtor acknowledges and admits the authenticity and validity of all the Amalgamated Loan Documents.

H.    Debtor acknowledges that the IRS served a Levy prior to the filing of this case and claimed a lien thereby on cash collateral to the extent of $9,198.05 due to the service of the Levies on Amalgamated and certain clients of Debtor.

2

I.     In order for Debtor to continue operating as a going concern, it must be able to access the funds levied by the IRS and use Amalgamated's cash collateral.

I.     Amalgamated and the IRS are referred to collectively as Secured Creditors.

J.     Nathaniel Pappalardo ("Pappalardo") unconditionally and fully guaranteed the full and prompt payment of all the indebtedness, liabilities, and obligations of every kind and nature of the Debtor to Amalgamated.   By execution of this Final Order, Pappalardo hereby reaffirms, ratifies, and confirms that his unconditional guaranty of the Pre-petition Indebtedness remains in full force and effect.

NOW THEREFORE, IT IS HEREBY ORDERED as follows, based upon the representations presented herein to the Court:

(1)    Preamble.  The representations contained in the preamble to this Order are incorporated herein by reference.

(2)    Budget.

(a)    Debtor shall comply with the individual line items on the attached ("Budget").

(b)    The Debtor may use cash collateral for payments solely in the amounts and the for the purposes set forth in the Budget, for payments made pursuant to this Order and for any further payments permitted by further orders of this Court.  The Debtor is prohibited from making payments other than as set forth in the Budget or Orders of this Court.  In the event Debtor wishes to modify the Budget, it shall file a proposed modified monthly budget with this Court and the Secured Creditors showing the proposed modifications on or before the 20th day of the month prior to the month in which the proposed modified budget is to take effect.  The Proposed Modified Budget shall become the Budget unless the a Secured Creditor objects in writing prior to the 1st day of the month for which the proposed modified budget is to become effective.  In the event Secured Creditor objects, Debtor shall only be permitted to use cash collateral in accordance with the Budget without the proposed modifications, except to the extent that Debtor obtains an order of Court permitting it to use cash collateral for any one or more of the proposed modifications.

3

(c)    Debtor, not less than once a month beginning on October 15, 2008, and on the 15th of each month thereafter, shall provide a written report to the Secured Creditors concerning collection of accounts receivable or other income for the preceding month, in such detail as may be reasonably requested by the Secured Creditors.

(3)    Replacement Liens on Assets. The Secured Creditors are granted a security interest and lien as adequate protection for all cash collateral utilized by Debtor and a replacement post-petition lien and security interest for Debtor's use of cash collateral, pursuant to Sections 361 and 363 of the Bankruptcy Code in and to all assets whether real property or personal property, whether acquired before or after institution of these proceedings and whether now in existence or hereafter acquired including, without limitation, accounts, deposit accounts, inventory, instruments, contract rights, general intangibles, machinery, equipment, furniture and fixtures; and any and all replacements, substitutions, accessions, additions, products and proceeds of any of the foregoing property, including insurance proceeds, and expressly excluding any preferences recovered for the estate under Sections 547 and 548 of the Bankruptcy Code (the "Collateral") in the same priority and to the same extent as Secured Creditors had prior to this bankruptcy being filed.

(4)    Monthly Payments to Amalgamated; Priority of Payments. The monthly payments by the Debtor to Amalgamated in consideration of this order shall be as follows: $1,300.00 to be paid and received within 10 days from the date this Order is entered and continuing to be payable on the 15th of each month. The obligation to make such payments shall have priority over all administrative expenses incurred since the commencement of this case of the kind specified in Section 503(b) or 507(b) of the Bankruptcy Code. This paragraph does not apply to any fees charged or assessed against the Debtor's estate pursuant to 28 U.S.C. Section 1930.

4

(5)    Adequate Protection Payment to IRS. Within ten (10) days of entry of this Order, Debtor shall pay the IRS an adequate protection payment of $1,000.00.

(6)    Release of IRS Levies.   The IRS agrees that it will take such steps as are necessary or appropriate to release the pre-petition Levys which were served upon certain clients of Debtor and Amalgamated, and the IRS further agrees that the funds in Amalgamated accounts which were frozen pre-petition pursuant to the Levys may be released by Amalgamated and may be used by Debtor in accordance with this Cash Collateral Order.  Any clients of Debtor who have received Levys from the IRS are authorized to remit any funds due and owing to Debtor directly to Debtor in accordance with the provisions of §542 of the Code to be used by Debtor solely in accordance with the provisions of this order.  Debtor is authorized to serve a copy of this Order on all clients served with an IRS Levy to direct payment of the levied funds to Debtor.

(7)    Binding Effect.  The provisions of this Order shall be binding upon and inure to the benefit of Secured Creditors and the Debtor, and their respective successors and assigns, as of the date of the initiation of the filing of this bankruptcy. Notwithstanding anything to the contrary contained in this Order, nothing herein shall be construed to waive any rights of a subsequent trustee or a creditor's committee which may be appointed hereinafter from attacking the Secured Creditors' security interests.

(8)    Termination of Use of Cash Collateral.   The Secured Creditors may terminate Debtor's authority to use cash collateral at any time upon five (5) business days prior written notice to Debtor upon the occurrence of an event listed in paragraph (2) or failure to make payment under paragraphs (4) or (5) of this Order.  Upon termination of Debtor's authority to use cash collateral, the Debtor shall hold all further cash receipts of

5

the cash collateral in a separate account and the Debtor is prohibited from making further disbursement, except upon further order of court. Debtor shall provide to Secured Creditors a complete accounting of all cash collateral received and disbursed for any period for which DIP reports were not previously provided, including the name of each source of payment for all income, monies and payments received and supply a copy of the same to the Secured Creditor within 5 days after receipt of such written notice.

(9)    Disposition of Collateral.  Debtor shall not sell, transfer or otherwise dispose of any of the Collateral other than in the ordinary course of its business or for less than its fair market value without the prior written consent of the Secured Creditors or further court order.

(10)    Notice of Hearings, Motions, etc.  The Secured Creditors shall be given notice and opportunity to be heard with respect to any requests, proceedings, proposed orders, motions and all applications by the Debtor to grant a security interest or administrative priority pursuant to the Bankruptcy Code which would take priority over or be on a parity with the rights granted to the Secured Creditor pursuant to this Order.

(11)    Documentation.  Debtor is hereby authorized, empowered and directed to execute such additional documents and financing statements and to do such other things as shall be reasonably required by the Secured Creditors to fully document and perfect a security interest granted to the Secured Creditor hereunder.

(12)    No Waiver.  This Order is without prejudice to, nor shall it be construed to be a waiver of, the right of the Secured Creditor and Debtor to seek modification of the terms hereof at any time upon reasonable notice to the Secured Creditors, Debtor and other

6

parties in interest or the right of the Secured Creditors to request that a trustee or examiner be appointed for the Debtor.

(13)  Notwithstanding anything contained in this. the Debtor's right to use cash collateral shall cease upon the occurrences of one or more of the following events:  (a) the appointment of a trustee or examiner under Section 1104 of the Bankruptcy Code; (b) the conversion of this Chapter 11 case to Chapter 7: or (c) the dismissal of this case;.

(14)  <u>Core Proceeding</u>.  The parties agree that this matter is a "core proceeding" within the meaning of Section 157(b) of the Bankruptcy Code.

(15)  <u>Jurisdiction</u>.  This Court shall retain jurisdiction to enforce the terms and provisions of this Order.

Dated: September 25, 2008                    ENTERED:

                                _____
                                UNITED STATES BANKRUPTCY JUDGE

Consented and approved as
to form and substance:                     Consented and Approved as
                                to form and substance:

_____
One of the attorneys for the Debtor        _____
Joseph A. Baldi                            One of the attorneys for the Internal
Joseph A. Baldi & Associates               Revenue Service
19 South LaSalle Street
Suite 1500                                 Consented and approved as
Chicago. Illinois 60603                    to form and substance (including, without
                                limitation. the provisions in paragraph J
Consented and Approved as                  hereof):
to form and substance:


_____           _____
One of the attorneys for the               Nathaniel Pappalardo
Amalgamated, N.A.

7

parties in interest or the right of the Secured Creditors to request that a trustee or examiner be appointed for the Debtor.

(13)  Notwithstanding anything contained in this, the Debtor's right to use cash collateral shall cease upon the occurrences of one or more of the following events: (a) the appointment of a trustee or examiner under Section 1104 of the Bankruptcy Code; (b) the conversion of this Chapter 11 case to Chapter 7; or (c) the dismissal of this case;.

(14)  Core Proceeding.  The parties agree that this matter is a "core proceeding" within the meaning of Section 157(b) of the Bankruptcy Code.

(15)  Jurisdiction.  This Court shall retain jurisdiction to enforce the terms and provisions of this Order.

Dated: September 25, 2008

ENTERED:

_____
UNITED STATES BANKRUPTCY JUDGE

Consented and approved as
to form and substance:

_____
One of the attorneys for the Debtor
Joseph A. Baldi
Joseph A. Baldi & Associates
19 South LaSalle Street
Suite 1500
Chicago, Illinois 60603

Consented and Approved as
to form and substance:

_____
One of the attorneys for the
Amalgamated, N.A.

Consented and Approved as
to form and substance:

_____
One of the attorneys for the Internal
Revenue Service

Consented and approved as
to form and substance (including, without
limitation, the provisions in paragraph J
hereof):

_____
Nathaniel Pappalardo

7

parties in interest or the right of the Secured Creditors to request that a trustee or examiner be appointed for the Debtor.

(13) Notwithstanding anything contained in this, the Debtor's right to use cash collateral shall cease upon the occurrences of one or more of the following events: (a) the appointment of a trustee or examiner under Section 1104 of the Bankruptcy Code; (b) the conversion of this Chapter 11 case to Chapter 7; or (c) the dismissal of this case;.

(14) Core Proceeding. The parties agree that this matter is a "core proceeding" within the meaning of Section 157(b) of the Bankruptcy Code.

(15) Jurisdiction. This Court shall retain jurisdiction to enforce the terms and provisions of this Order.

Dated: September 25, 2008                    ENTERED:

_____

UNITED STATES BANKRUPTCY JUDGE

Consented and approved as
to form and substance:

_Donna M. Wallace_

One of the attorneys for the Debtor
Joseph A. Baldi
Joseph A. Baldi & Associates
19 South LaSalle Street
Suite 1500
Chicago, Illinois 60603

Consented and Approved as
to form and substance:                       Consented and Approved as
                                             to form and substance:

                                             _____

                                             One of the attorneys for the Internal
                                             Revenue Service

                                             Consented and approved as
                                             to form and substance (including, without
                                             limitation, the provisions in paragraph J
                                             hereof):

                                             _Nathaniel J. Pappalardo_

_____            Nathaniel Pappalardo
One of the attorneys for the
Amalgamated, N.A.

7

FOLGERS ARCHITECTS                                      PAGE  02/02

## MONTHLY EXPENSES
## FOLGERS ARCHITECTS LIMITED

### GROSS PAYROLL:

| | | | |
|---|---|---|---|
| NTP | 7,083.33 | | |
| KNF | 7,083.33 | | |
| SRM | 5,633.34 | | |
| MMP | 5,200.00 | | |
| CAB | 2,904.00 | | |
| FICA | 2,095.02 | | |

| | | | |
|---|---|---|---|
| TOTAL PAYROLL | | $29,999.02 | |
| RENT | $4,609.26 | $4,609.26 | |

### INSURANCE

| | | |
|---|---|---|
| P/L avg | $1,440.42 | |
| WC avg | $26.11 | |
| BUS avg | $433.82 | |
| HEALTH | $3,700.00 | |
| KEYMAN | $50.00 | |

| | |
|---|---|
| TOTAL INSURANCE | $5,650.35 |

### OFFICE EXPENSE

| | | |
|---|---|---|
| AMALGAMATED BANK & LOAN | $1,300.00 | |
| BANK FEES (est) | $1,000.00 | |
| TELEPHONE | $400.00 | |
| POSTAGE & METER | $150.00 | |
| OFFICE SUPPLIES | $100.00 | |
| DELIVERY | $50.00 | |
| MAINTENANCE | $200.00 | |

| | |
|---|---|
| TOTAL OFFICE EXPENSE | $3,200.00 |

### TAXES

| | | |
|---|---|---|
| UNEMPLOYMENT | $75.00 | $75.00 |

| | |
|---|---|
| TOTAL GENERAL EXPENSES | $13,534.61 |

### PROFESSIONAL FEES:

| | | |
|---|---|---|
| ACCOUNTING avg | $800.00 | |
| LEGAL avg | $1,250.00 | |
| OTHER avg | $250.00 | |

| | |
|---|---|
| TOTAL PROFESSIONAL FEES | $2,300.00 |
| TOTAL EXPENSES FOR MONTH | $45,833.63 |